## Regional Industrial Development Corporation of Southwestern Pennsylvania Tax Assessment Case.

Argued November 28, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

reargument refused October 25, 1967.

*Maurice Louik,* County Solicitor, with him *James Victor Voss* and *John F. Murphy,* Assistant County Solicitors, and *Francis A. Barry,* First Assistant County Solicitor, for Board, appellant.

*Niles Anderson,* Solicitor, with him *Justin M. Johnson,* Assistant Solicitor, for School District of Pittsburgh, intervening appellant.

*Gustav W. Wilde,* for appellee.

OPINION BY MR. JUSTICE COHEN, September 26, 1967:

This appeal involves the triennial assessment for the years 1963, 1964 and 1965 of the property owned by the Regional Industrial Development Corporation of Southwestern Pennsylvania and Eazor Express, Inc. (Owners). The Board of Property Assessment, Appeals and Review of Allegheny County (Board) placed an assessed value of $389,455 on the property.

Before the court below the Board placed the assessment in evidence and rested. The owners then produced

a recognized real estate expert as a witness. This witness testified that the fair market value of the property was $380,000. The owners also produced an employe of Eazor Express, Inc., who testified that his company had entered into a contract in 1962 to purchase the property from the Development Corporation for the sum of $530,000. Under the contract Eazor had the right to demolish the buildings on the premises and, in fact, did so prior to January 1, 1963.

The Board then called one of its sub-assessors and its vice-chairman as witnesses. Both testified generally in support of the assessment without actually testifying as to the fair market value of the property.

The court (in its words) "accorded much weight to the sale and the selling price of $530,000" and determined that the fair market value of the property was $500,000. It then took cognizance of the Richman study[1] concerning the ratio of assessed values to market values throughout Allegheny County which had been incorporated into the evidence in this case, determined that the common level of assessments in the county for the triennium was 44% and reduced the above fair market value to $220,000 (44% of $500,000). The Board filed exceptions and requested argument before the court en banc. This request was refused and the exceptions dismissed. The Board appealed.

The Board argues that the prima facie validity of the original assessment ($389,455) was not overcome because the court below "obviously" (according to the Board) rejected the testimony of the owners' expert witness in arriving at a value of $500,000. Therefore, maintains the Board, this witness' testimony on uniformity was similarly rejected, and the original assessment, unequalized, must stand.

---

[1] See our opinion handed down this day in *Massachusetts Mutual Life Insurance Company Tax Assessment Case*, 426 Pa. 566.

We follow the Board's argument only with the greatest difficulty. The lower court clearly applied an equalization factor here based upon the aforementioned Richman study. This was proper, and if applied to the original assessment, this study would reduce the assessed value well below the value set by the court. Therefore, even if we assume that the testimony of the owners' witness was rejected by the court below, the Richman study would be applicable to the Board's assessment.

In short, the Board has fared well here, and since the owners have not appealed from the court's determination of market value, we see no reason to discuss this aspect of the case further.

The order of the court below is affirmed.

Mr. Justice EAGEN dissents.